## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

PERRY MEGAIL JOINTER                                                      PLAINTIFF

v.                                               CIVIL NO. 1:20-cv-259-HSO-JCG

JACKSON COUNTY, ET AL.                                              DEFENDANTS

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.   After consideration of the
record and relevant legal authority, the Court finds that this civil action should
be dismissed without prejudice.

## I.   BACKGROUND

Pro se Plaintiff Perry Megail Jointer ("Jointer" or "Plaintiff"), an inmate of
the Jackson County Adult Detention Center in Pascagoula, Mississippi, brings
this civil action pursuant to 42 U.S.C. § 1983.   Compl. [1] at 2.   Jointer is
proceeding *in forma pauperis*.   *See* Order Setting Payment Schedule [5].   On
January 14, 2021, the Magistrate Judge entered an Order [10] replacing
Defendant Jackson County Adult Detention Center with Jackson County,
replacing Defendant Deputy Burt Unknown with Deputy K. Burt, and directing
Jointer to file a written response on or before February 4, 2021, stating whether
he is naming Deputy C. Bordelon as a witness or as a Defendant.   Order [10] at
1.   The Order [10] warned Jointer that his failure to timely comply with the
Order or his failure to advise the Court of his current address would result in
the dismissal of his Complaint.   *Id.*   The envelope [11] containing the Order

[10] was returned by the postal service stating, "Return to Sender; Refused; Unable to Forward," and included a handwritten notation reading, "No Longer Here."  Ret. Mail [11] at 1.  Jointer did not respond to the Order [10] or otherwise contact the Court about his case.

Since Jointer is proceeding pro se and out of an abundance of caution, the Court afforded him a final opportunity to comply with its Order [10].  On February 22, 2021, the Magistrate Judge entered an Order to Show Cause [12] which required Jointer on or before March 8, 2021, to (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [10]; and (2) comply with the Court's previous Order [10] by filing a written response.  Order to Show Cause [12] at 1.  Jointer was again warned that "failure to advise this Court of a change of address or failure to timely comply with this Order will result in this cause being dismissed without further notice to the Plaintiff."  *Id*.  The envelope [13] containing the Order to Show Cause [12] was returned by the postal service stating, "Return to Sender; Attempted Not Known; Unable to Forward."  Ret. Mail [13] at 1.  The envelope [13] also had a notation reading, "No Longer Here."  *Id*.  Jointer did not respond to the Order to Show Cause [12] or otherwise contact the Court about his case, and he has taken no action in the case since September 22, 2020.[1]

---

[1] The last pleading or correspondence received from Jointer was on September 22, 2020.  *See* Attachment/Signed Response. [9].  The Jackson County Adult Detention Center, in compliance with the Order Setting Payment Schedule [5], submitted a partial filing fee payment to the Court from Jointer's inmate account on November

II.   DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to

prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent

authority to dismiss the action sua sponte.   *See Link v. Wabash R.R.*, 370 U.S.

626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

The Court must be able to clear its calendar of cases that remain dormant

because of the inaction or dilatoriness of the parties seeking relief, so as to

achieve the orderly and expeditious disposition of cases.   *Link*, 370 U.S. at 630.

Such a "sanction is necessary in order to prevent undue delays in the disposition

of pending cases and to avoid congestion in the calendars of the District Courts."

*Id.* at 630-31.

Jointer did not comply with three Court Orders or provide the Court with

a current address after being warned seven times that failing to do so would

result in the dismissal of his lawsuit.   *See* Order to Show Cause [12] at 1; Order

[10] at 1; Order [8] at 1; Order [6] at 2; Order Setting Payment Schedule [5] at 2;

Order [3] at 2; Not. of Assign. [1-1] at 1.   Despite these warnings, Jointer has

not contacted the Court or taken any action in the case since September 22,

2020.   Such inaction represents a clear record of delay and contumacious

conduct.   It is apparent that Jointer no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted

---

4, 2020.

"diligent prosecution," but instead such efforts have proven futile.   *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005).   Dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey the Court's Orders.   A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of March, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE